UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK J.R.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 4:22-cv-00255-BLW<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION** |

## INTRODUCTION

This is a social security case in which the Plaintiff appeals the Commissioner's denial of his disability claim. This matter is before the Court on United States Magistrate Judge Raymond E. Patricco's Report & Recommendation (Dkt. 15) and Plaintiff's Objection (Dkt. 16). For the reasons explained below, the Court will overrule the Objection, adopt the Report & Recommendation in its entirety, and affirm the Commissioner's decision.

## BACKGROUND[1]

In May 2021, an Administrative Law Judge (ALJ) denied Plaintiff's

---

[1] The factual and procedural background are detailed more fully in the Report & Recommendation, which the Court adopts in full.

application for Social Security Disability benefits. On April 22, the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Plaintiff then filed a petition in this Court. He raised two points of error. He argued that (i) the ALJ failed to properly consider and adequately explain the opinions of Family Nurse Practitioner Kathleen Searle; and (ii) the ALJ improperly rejected his allegations of disabling symptomology. *Pl.'s Brief* at 1, 7-16 (Dkt. 12). According to Plaintiff, these errors demonstrate that the ALJ's decision was not supported by substantial evidence. *Id.* at 6, 12-13, 15-16. He asks this Court to either reverse the ALJ's decision and find he is entitled to benefits, or remand the case for further proceedings. *Id.* at 16.

In August 2022, Magistrate Judge Patricco issued his Report, recommending that the Court affirm the Commissioner's decision. Plaintiff objects to the Report.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to

the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). In this case, Plaintiff filed objections and the Court has conducted a de novo review of those portions of the Report as well as the record in this matter.

## DISCUSSION

Plaintiff raises two objections to the Report & Recommendation.[2] His first objection relates to opinions offered by his primary caregiver, Family Nurse Practitioner Kathleen Searle. His second relates to the ALJ's adverse-credibility finding regarding his symptom testimony.

## 1.    FNP Searle's Opinions

The starting point for Plaintiff's first objection is a "Physical Medical Source Statement," which FNP Searle completed in May 2021. Within the statement, FNP Searle opined as to Plaintiff's functional limitations were he to be placed in a competitive work situation. Among other things, FNP Searle concluded that: (1) Plaintiff could sit for only 30 minutes at time before needing to get up; (2) in an eight-hour working day, he could sit for a total of four hours; (3) he could stand for only 30 minutes at a time before needing to sit down, walk around, etc.; (4) in an eight-hour working day, he could stand for a total of two hours; (5) he would need

---

[2] Plaintiff listed three objections in his filing. *See Objection,* Dkt. 16, at 2, 4, 6. But the first and second objections address the same issue—whether the ALJ adequately addressed the supportability factor in rejecting portions of FNP Searle's opinions. Accordingly, this Court will treat the first and second objections together.

to take two to three unscheduled, five- to ten-minute breaks during a working day; (6) he couldn't use his hands or fingers more than ten percent of the day or reach for more than five percent of the day; (7) he would be off task twenty-five percent or more of the day; and (8) he would need to miss about four days per month. AR 561-563.

The ALJ found FNP Searle's opined limitations unpersuasive. He explained that in the two years between the May 13, 2019 alleged onset date and Searle's May 6, 2021 statement, Searle only saw Plaintiff twice—on September 11, 2020 and April 19, 2021. Further, the ALJ noted that Dr. Scoville's more recent examination, in September 2020, did not reflect the level of severity found in FNP Searle's April 2019 examination.

Plaintiff does not dispute the accuracy of the ALJ's observations regarding the number of visits during the relevant two-year period. But he points out that he "saw or had contact with FNP Searle" at various other times – dating back to June 2017. *Objection*, Dkt. 16, at 2-3. Given that context, Plaintiff says the ALJ's focus on the two-year period between May 2019 and May 2021 led the ALJ to make misleading statements about FNP Searle's treatment and opinions. Plaintiff says the Magistrate Judge failed to recognize the misleading nature of these statements, which, in turn, caused him to issue a faulty recommendation. More specifically, Plaintiff argues that the Magistrate Judge erred by recommending that this Court

find the ALJ's statements regarding FNP Searle's opinions were sufficient to satisfy 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). *See Objection,* Dkt. 16, at 4.

The Court is not persuaded. The Magistrate Judge acknowledged that Searle had treated Plaintiff since 2017. But he went on to explain that "Searle's point-in-time opinions about Plaintiff's limitations are isolated and unsubstantiated. This speaks to the supportability of FNP-C Searle's opinions as they appear in the statement – a factor that an ALJ properly considers when assessing the persuasiveness of a medical provider's opinion." *R&R,* Dkt. 15, at 9. In short, the Magistrate Judge does not appear to have been misled by the ALJ; rather, he correctly noted that while FNP Searle had seen Plaintiff for a lengthy period of time, her opinions were dated and contradicted by more recent medical evidence. The Court agrees with that assessment, and with the Magistrate Judge's conclusion that the ALJ adequately explained his consideration of the supportability factor with respect to FNP Searle's opinion. *See generally* 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). Accordingly, the Court will overrule Plaintiff's first objection.

## 2.    Symptom Testimony

In his second objection, Plaintiff says the Court should reject the Magistrate Judge's recommending finding that the ALJ offered clear and convincing reasons for partially discrediting his symptom testimony. The Court will overrule this

objection.

The Magistrate Judge began his analysis of the ALJ's adverse-credibility finding by correctly reciting the governing legal standard, which is repeated here for ease of reference:

As the trier-of-fact, the ALJ is in the best position to make credibility determinations and, for this reason, her determinations are entitled to great weight. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (*quoting Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if such objective medical evidence exists, and the ALJ has not determined that the claimant is malingering, the ALJ must provide clear and convincing reasons before rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Id.*

Generalized findings will not satisfy this standard. The reasons an ALJ provides for rejecting a claimant's symptom testimony "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a

claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (*quoting Bunnell*, 947 F.2d at 345-46). This requires that the ALJ "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* at 493 (quoting *Reddick*, 157 F.3d at 722). If there is substantial evidence, courts will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Even when the evidence can support either outcome, a court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098.

Here, the ALJ found that the medical record contradicted Plaintiff's contention that his pain and mobility issues were debilitating. *See* AR 24-25. In particular, the ALJ pointed to Dr. Scoville's September 2020 findings. *See* AR 25-26. The ALJ also pointed to inconsistencies in Plaintiff's testimony before the ALJ and in his reports to his providers. *See* AR 24-26. The Magistrate Judge discussed these points in detail, ultimately concluding that "[t]ogether, these reasons amount to clear and convincing explanations as to why the ALJ found Plaintiff's testimony not entirely credible." *Report & Recommendation,* Dkt. 15, at 18.

In objecting to the Report & Recommendation, Plaintiff says that "[w]hile the ALJ offers arguably plausible reasons to reject some of Plaintiff's allegations regarding his other impairments, the decision does not point to any affirmative contradictory evidence which would justify discrediting Plaintiff's description of

disabling symptoms attributable to his psoriatic arthritis." *Objection,* Dkt. 16, at 7.
The Court is not persuaded. The ALJ discussed this issue in his decision, stating:
"While the medical evidence shows multiple and ongoing changes in the
claimant's psoriatic arthritis during the period at issue, it also shows that they
occur far less frequently than every eight weeks." AR 27. The ALJ properly
considered this medical evidence, related to Plaintiff's psoriatic arthritis, alongside
the other evidence discussed above, in evaluating Plaintiff's symptom testimony.
*See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of
medical evidence cannot form the sole basis for discounting pain testimony, it is a
factor that the ALJ can consider in his credibility analysis."); *see also, generally
Carmickle v. Commissioner*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("contradiction
within the medical record is a sufficient basis for rejecting the claimant's
testimony"). The Court is thus unpersuaded that the ALJ failed to support his
adverse-credibility finding with clear and convincing evidence.

## ORDER

**IT IS ORDERED that:**

1.  Petitioner's Objections to the Report and Recommendation (Dkt. 16) are
**OVERRULED.**

2.  The Report & Recommendation (Dkt. 15) is **ADOPTED IN ITS
ENTIRETY** as the order of this Court.

4.   The Commissioner's decision is **AFFIRMED.**

5.   The Court will enter a separate judgment in favor of the Commissioner in accordance with Federal Rule of Civil Procedure 58.

DATED: September 29, 2023

B. Lynn Winmill
U.S. District Court Judge